UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRI D. NGUYEN,

    Petitioner,

    v.

TOM FELKER, warden,

    Respondent.

No. C 07-2479 MHP (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Tri D. Nguyen, currently incarcerated at High Desert State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition as amended is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration, as are his motions for appointment of counsel and for an extension of time to appeal.

## BACKGROUND

According to the habeas petition as amended, Nguyen was convicted in Alameda County Superior Court of first degree murder and was found to have used a deadly weapon in the offense. He was sentenced on August 27, 2004 to a term of 26 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2006. He also apparently filed unsuccessful state habeas petitions before filing this action.

**DISCUSSION**

A.  Review of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

There is a slight confusion in the court file caused by Nguyen's use of a page from the wrong form. When Nguyen commenced this action, the first page of his petition was the first page from a form civil rights complaint. He thereafter filed a replacement form petition for writ of habeas corpus on May 29, 2007, which was marked as an amended petition at the court. The court construes the petition as amended to be the original petition (with the civil rights complaint first page) filed on May 9, 2007 plus the form petition filed on May 29, 2007.

The petition as amended lists five separate claims, although four of the five claims are for ineffective assistance of trial counsel. Nguyen alleges the following: (1) he received ineffective assistance of appellate counsel in that appellate counsel failed to properly raise a Confrontation Clause claim regarding certain witnesses' testimony; and (2) he received ineffective assistance of trial counsel in that his attorney (a) failed to investigate and present exculpatory physical evidence regarding blood on Nguyen's shirt, (b) failed to object to the prosecutor's improper cross-examination of Nguyen, (c) failed to object to the prosecutor's improper closing argument, and (d) failed to ensure that the jury selected was fair and impartial. Liberally construed, the claims are cognizable in a federal habeas action and warrant a response. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); Strickland v.

Washington, 466 U.S. 668, 686 (1984).

B.      Motion For Appointment Of Counsel

Petitioner has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action.

## CONCLUSION

For the foregoing reasons,

1.      The petition as amended states cognizable claims for habeas relief and warrants a response.

2.      The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, and the amended petition upon respondent and respondent's attorney, the Attorney General of the State of California.

3.      Respondent must file and serve upon petitioner, on or before **October 5, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 9, 2007**.

5.      Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's <u>in forma pauperis</u> application is GRANTED. (Docket #s 5, 9, 10.)

7. Petitioner's motion for appointment of counsel is DENIED. (Docket # 2.)

8. Petitioner's motion for an order extending time for appeal is DENIED as unnecessary. (Docket # 6.) The extension requested sought to excuse any delay caused in the prison mailroom in the processing of the petition or pauper application. Both documents have now been filed at the court.

IT IS SO ORDERED.

DATED: August 6, 2007

Marilyn Hall Patel
United States District Judge