UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI D. NGUYEN, | No. C 07-2479 MHP (pr) |
| Petitioner, | **ORDER** |
| v. | |
| TOM FELKER, warden, | |
| Respondent. | |

Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court did an initial review and, on August 7, 2007, issued an order to show cause why the petition should not be granted. On August 17, 2007, petitioner filed a first amended petition and a motion to stay and abey the proceedings so that he could exhaust state court remedies as to an unexhausted claim in the first amended petition. On August 20, 2007, apparently before respondent received the documents filed by petitioner, respondent filed a motion to dismiss for failure to exhaust state court remedies. On October 3, 2007, petitioner filed a notice that he had exhausted state court remedies as to the claims included in his first amended petition.

The parties now agree that the filing of the first amended petition made respondent's motion to dismiss moot. The motion for a stay and abeyance also is now moot because petitioner has exhausted state court remedies and can go forward in this action. Accordingly, the motion to dismiss and motion for stay and abeyance are DENIED as moot. (Docket # 12 and # 15.)

1    The first amended petition lists six separate claims, four of which are for ineffective assistance of trial counsel.  Petitioner alleges the following claims in his first amended petition filed on August 17, 2007: (1) the admission of testimonial hearsay statements violated his rights under the Sixth Amendment's Confrontation Clause; (2) he received ineffective assistance of <u>appellate</u> counsel in that appellate counsel failed to properly raise a Confrontation Clause claim regarding certain witnesses' testimony; and (3) he received ineffective assistance of <u>trial</u> counsel in that his attorney (a) failed to investigate and present exculpatory physical evidence regarding blood on petitioner's shirt, (b) failed to object to the prosecutor's improper cross-examination of petitioner, (c) failed to object to the prosecutor's improper closing argument, and (d) failed to ensure that the jury selected was fair and impartial.  The court previously found the ineffective assistance of counsel claims cognizable and now finds the Confrontation Clause claim also to be cognizable in a federal habeas action.  See <u>Crawford v. Washington</u>, 541 U.S. 36 (2004);

For the foregoing reasons, the court now sets the following briefing schedule:

1.    The clerk will mail to respondent's counsel a copy of the first amended petition filed on August 17, 2007.

2.    Respondent must file and serve, on or before **November 9, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

3.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **December 21, 2007**.

IT IS SO ORDERED.

DATED:  October 19, 2007

Marilyn Hall Patel
United States District Judge

2