1  Tri D. Nguyen
   V-50412
2  High Desert State Prison
   P.O. Box 3030
3  Susanville, CA 96127

4      Petitioner pro se



5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  TRI DUNG NGUYEN,

11                    Petitioner,        |  No. C 07-2479 MHP (pr)

12      v.

13  TOM FELKER, Warden,

14                    Respondent.

15

16

17            TRAVERSE TO RESPONDENT'S ANSWER;

18           REQUEST FOR AN EVIDENTIARY HEARING;

19          MEMORANDUM OF POINTS AND AUTHORITIES

20

21

22

23

24

25

26

27

28

1                             TABLE OF CONTENTS

2  TRAVERSE TO RESPONDENT'S ANSWER AND REQUEST FOR AN                    1
   EVIDENTIARY HEARING
3
   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF                    4
4  TRAVERSE TO RESPONDENT'S ANSWER

5     STATEMENT OF FACTS                                                 4

6     I. GROUNDS ONE AND TWO: TESTIMONIAL HEARSAY                        4

7     II. GROUND THREE: TESTING OF THE BLOODY T-SHIRT                    9

8     III. GROUND FOUR: USE OF FACTS NOT IN EVIDENCE                    11

9     IV. GROUND FIVE: COMMENT ON POST-ARREST SILENCE                   14

10    V. GROUND SIX: JURY BIAS                                          15

11    CONCLUSION                                                        17

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES

Bracy v. Gramley, 520 U.S. 899 (1997)                                      11

Brecht v. Abrahamson, 507 U.S. 619 (1993)                        5, 7, 8, 9

Brinegar v. United States, 338 U.S. 160 (1949)                             6

Coy v. Iowa, 487 U.S. 1012 (1988)                                      7, 13

Crawford v. Washington, 541 U.S. 36 (2004)                              4, 5

Davis v. Washington, 126 S.Ct. 2266 (2006)                       4, 5, 6, 7

Douglas v. Alabama, 380 U.S. 415 (1965)                                   12

Doyle v. Ohio, 426 U.S. 610 (1976)                                        14

Earp v. Ornoski, 431 F.3d 1158 (9th Cir. 2005)                         3, 14

Fields v. Woodford, 309 F.3d 1095 (9th Cir. 2002)                         17

Fry v. Pliler, 127 S.Ct. 2321 (2007)                                       7

Griffey v. Lindsey, 345 F.3d 1058 (9th Cir. 2003)                         14

Harris v. Nelson, 394 U.S. 286 (1969)                                     11

Jones v. Wood, 114 F.3d 1002 (9th Cir. 1997)                          11, 16

Mitchell v. Esparza, 540 U.S. 12 (2003)                                    7

O'Neal v. McAninch, 513 U.S. 432 (1995)                                 7, 8

Panetti v. Quarterman, 127 S.Ct. 2842 (2007)                               8

Payton v. Woodford, 346 F.3d 1204 (9th Cir. 2003)                       7, 8

Pham v. Terhune, 400 F.3d 740 (9th Cir. 2005)                             11

Reiger v. Christensen, 789 F.2d 1425 (9th Cir. 1986)                      16

Reynolds v. United States, 98 U.S. 145 (1879)                              5

Richmond v. Ricketts, 714 F.2d 957 (9th Cir. 1986)                        16

Russell v. Rolfs, 893 F.3d 1033 (9th Cir. 1990)                           10

Schriro v. Landrigan, 127 S.Ct. 1933 (2007)                               11

South Dakota v. Neville, 459 U.S. 553 (1983)                              14

Strickland v. Washington, 466 U.S. 668 (1984)                 12, 13, 14, 15

Taylor v. Maddox, 366 F.3d 992 (9th Cir. 2004)                             8

1   Tinsley v. Borg, 895 F.2d 520 (9th Cir. 1990)                          17

2   Turner v. Duncan, 158 F.3d 449 (9th Cir. 1998)                         15

3   Williams v. Taylor, 529 U.S. 362 (2000)                                 7

4   Woodford v. Payton, 123 S.Ct. 1785 (2003)                               7

5   STATUTES AND RULES

6   28 U.S.C. §2254                                              3, 8, 11, 16

7   Rules Governing Section 2254 Cases, Rule 5                           2, 16

8   Rules Governing Section 2254 Cases, Rule 6                              11

9   Federal Rules of Evidence, Rule 606                                     6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Tri D. Nguyen
   V-50412
2  High Desert State Prison
   P.O. Box 3030
3  Susanville, CA 96127

4      Petitioner pro se

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 TRI DUNG NGUYEN,

11                 Petitioner,        No. C 07-2479 MHP (pr)

12      v.
                                      TRAVERSE TO RESPONDENT'S ANSWER;
13 TOM FELKER, Warden,                REQUEST FOR AN EVIDENTIARY HEARING;
                                      MEMORANDUM OF POINTS AND AUTHORITIES
14                 Respondent.

15

16     Petitioner respectfully submits the following traverse to respondent's

17 December 7, 2007, Answer to Order to Show Cause ("Answer"):

18     1. Petitioner admits the allegations of paragraph I of the Answer but

19 denies that he is being held in custody lawfully.

20     2. Petitioner admits the allegations of paragraph II of the Answer.

21     3. Petitioner denies the allegations of paragraph III of the Answer.

22 As alleged in the First Amended Petition for Writ of Habeas Corpus in this

23 action ("Petition"), petitioner's Sixth Amendment rights to confrontation

24 and effective assistance of counsel were violated during petitioner's trial;

25 the state courts' resolution of the claims raised in the Petition was contrary

26 to, or involved an unreasonable application of, clearly established federal

27 law; and petitioner is entitled to habeas corpus relief.

28     4. Petitioner admits the allegations of paragraph IV of the Answer.

                              -1-

5. Petitioner can neither admit nor deny the allegations of paragraph V of the Answer as petitioner cannot ascertain what documents have actually been lodged by respondent. The list of lodged documents in that paragraph of the Answer, as well as respondent's December 7, 2007, Notice of Lodging Exhibits with Court, does not include "all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition," as required by the Court's Order to Show Cause and Rule 5 of the Rules Governing §2254 Cases ("Habeas Rules"). Respondent did not lodge a copy of the transcript of July 15, 2004, jury voir dire proceedings, transcribed and delivered to the Clerk of the Alameda County Superior Court on December 28, 2006. See Petition Exhibit D. As the claim of ineffective assistance of counsel during jury selection raised in Ground Six of the Petition is based almost entirely on the transcript of July 15, 2004, proceedings, respondent's failure to lodge that portion of the state court record makes it impossible for the Court to adjudicate all claims raised in the Petition. Petitioner hereby respectfully requests that the Court direct respondent to furnish the missing portion of the record as required by the Court's prior order and by Habeas Rule 5.

6. Petitioner denies the allegations of the Memorandum of Points and Authorities in Support of Answer ("Answer Memorandum") incorporated by reference into paragraph VI of the Answer. The allegations of the Answer Memorandum are addressed in detail in the Memorandum of Points and Authorities attached hereto.

7. Respondent expressly admits or fails to dispute a significant portion of the factual allegations of the Petition; however, as explained in the attached Memorandum of Points and Authorities, certain material facts remain in dispute. Petitioner sought, but was denied, an opportunity to develop all relevant facts in the state courts by requesting an evidentiary hearing

-2-

1 | in each of his state—court habeas corpus petitions. Accordingly, petitioner
2 | respectfully submits that he has alleged facts that, if proven, would entitle
3 | him to habeas relief, and he did not receive a full and fair opportunity
4 | to develop those facts; petitioner is entitled to an evidentiary hearing,
5 | and such hearing is not barred by 28 U.S.C. §2254(e)(2). Petitioner hereby
6 | respectfully requests that the Court hold an evidentiary hearing in this
7 | action. The issues to be resolved, and the evidence to be developed, at
8 | such hearing are specified in the attached Memorandum of Points and
9 | Authorities. Earp v. Ornoski, 431 F.3d 1158, 1166—67 (9th Cir. 2005).

10 |     8. Petitioner incorporates by reference herein his Petition, exhibits
11 | thereto, the Memorandum of Points and Authorities in Support of First Amended
12 | Petition for Writ of Habeas Corpus ("Petition Memorandum"), and the memorandum
13 | of points and authorities attached hereto.

14 |     9. Respondent's Answer fails to state sufficient facts or law to show
15 | cause why the relief requested in the Petition should not be granted.

16 |     WHEREFORE, petitioner prays that the Court hold an evidentiary hearing
17 | and grant the relief requested in the Petition.

18 |     DATED: MARCH 13, 2008.

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Respectfully submitted,

Tri Dung Nguyen
Petitioner

-3-

1

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRAVERSE TO RESPONDENT'S ANSWER

2

3

STATEMENT OF FACTS

4      The summary of the trial evidence that appears on pp. 3-8 of the Answer

5   Memorandum is generally fair but incomplete.  In order to avoid redundancy,

6   petitioner refers the Court to the statement of relevant facts on pp. 8-12

7   of the Petition and relies on the Court's review of the record lodged by

8   respondent, the exhibits to the Petition, and the transcript of the jury

9   voir dire proceedings which respondent remains obligated to furnish.

10

11

I. GROUNDS ONE AND TWO: TESTIMONIAL HEARSAY

12      Grounds One and Two of the Petition share essentially the same set of

13   relevant facts (several hearsay statements by Ms. Bui) and are both grounded

14   in the application of the Confrontation Clause as interpreted by the Supreme

15   Court in Crawford v. Washington, 541 U.S. 36 (2004) and Davis v. Washington,

16   126 S.Ct. 2266 (2006); respondent's argument with regard to Ground Two hinges

17   on deference to the state court's resolution of Ground One; accordingly,

18   petitioner respectfully submits that these two claims should be analyzed

19   jointly.  As will be shown below, both the state court and respondent misapply

20   the controlling law and view the record evidence in an objectively unreasonable

21   manner.

22      Summarized briefly, the undisputed facts relevant to this issue are

23   as follows: on March 26, 1999, October 17, 2001, and June 2, 2002, Ms. Bui

24   made statements to police officers and 911 operators describing petitioner's

25   threats and acts of violence against her which took place earlier; petitioner

26   was not present at the time, and no emergency was ongoing.  Pet. at 8-12;

27   Ans. Mem. at 5-6.  The June 2, 2002, 911 call, relevant portions of which

28   are quoted on p. 9 of the Petition, contained descriptions of a prior assault

-4-

1  and an armed threat that were not related to the then-existing emergency.

2  See Ans. Mem. at 6:4-9.

3      Aside from an apparently boilerplate assertion of reasonableness of

4  state courts' rulings in petitioner's case, respondent does not dispute that

5  the statements at issue here are testimonial and thus subject to the

6  Confrontation Clause under Crawford and Davis, nor that Davis (which

7  "determine[d] precisely" the relevant aspect of Crawford, see 126 S.Ct. at

8  2273) controls the resolution of petitioner's claims.  Ans. Mem. at 9-11.

9  Respondent's argument boils down to two points: petitioner forfeited his

10  right to confront Ms. Bui when he killed her, and other evidence of

11  petitioner's guilt made the constitutional error harmless under Brecht v.

12  Abrahamson, 507 U.S. 619, 637 (1993).

13      Respondent fails to controvert the explanation of inapplicability of

14  the rule of forfeiture by wrongdoing to petitioner's case made on p. 7 of

15  the Petition Memorandum.  As noted therein, neither the holding in Reynolds

16  v. United States, 98 U.S. 145, 158 (1879) nor its reaffirmance in Crawfod,

17  541 U.S. at 62, and Davis, 126 S.Ct. 2280, can be reasonably read to allow

18  a finding of forfeiture of the confrontation right in the absence of at least

19  some indication that the defendant intended to prevent the victim from

20  testifying.  This "essentially equitable" common-law rule (Crawford, 541

21  U.S. at 62) was endorsed by the Supreme Court in its perfectly fair and logical

22  original form: one cannot be allowed to "undermine the judidicial process"

23  and "destroy the integrity of the criminal-trial system" by "procuring or

24  coercing silence from witnesses and victims."  Davis, 126 S.Ct. at 2280.

25  Reynolds, which has survived intact for almost 130 years, explains it best.

26  There, the defendant "had kept [the witness] away" from his bigamy trial

27  by repeatedly preventing officers from serving a subpoena on her, "concealing

28  or keeping the witness away" when he falsely told the officers attempting

1  service that she was not home.  Id., 98 U.S. at 159–160.  It is self-evident
2  that the "wrongdoing" at issue there was designed to prevent the witness
3  from testifying.  This is entirely consistent with the Davis Court's use
4  of the terms "procur[e] or coerc[e] silence," "obtain[] the absence of a
5  witness," and "intimidation or coercion of the victim to ensure that she
6  does not testify at trial."  126 S.Ct. at 2280 (emphasis added).

7       The Supreme Court also confirmed this common-sense meaning of the
8  forfeiture rule by referring to Rule 804(b)(6) of the Federal Rules of Evidence
9  as one that "codifies the forfeiture doctrine."  Ibid.  The Court refused
10 to take up the issue of propriety of that Rule's standard of proof of intent
11 to procure the unavailability of the witness but neither questioned, nor
12 reserved its opinion on, the necessity of such intent as the crucial element
13 of forfeiture.  This approach is entirely consistent with the Supreme Court's
14 long-standing view of the Rules of Evidence as the crystallization of
15 "historically grounded" common law rules, "to some extent codified in the
16 Constitution," developed to safeguard the reliability of convictions.  Brinegar
17 v. United States, 338 U.S. 160, 174 (1949).

18      In sum, the forfeiture rule adopted by the Supreme Court contains the
19 element of intent to silence, and the state court's decision that it does
20 not is "contrary to [the Supreme Court's] established precedent [because]
21 the state court applie[d] a rule that contradicts the governing law set forth
22 in [Supreme Court] cases."  Williams v. Taylor, 529 U.S. 362, 405 (2000).
23 In the alternative, the state court's application of Supreme Court authority
24 on this point can be deemed unreasonable because it "unreasonably extend[ed]
25 a legal principle from [Supreme Court] precedent to a new context where it
26 should not apply."  Id. at 407.  In any event, the state court's resolution
27 of this claim is entitled to no deference, and respondent's assertion to
28 the contrary lacks merit.

1    Having shown that the refusal to acknowledge the testimonial nature
2  of the relevant statements and the application of the forfeiture rule were
3  contrary to clearly established federal law, petitioner must address the
4  issue of prejudice from the violation of the Confrontation Clause.   Since
5  the harmless-error analysis is, by definition, a fact-specific process of
6  review of the trial record, respondent's complaint of petitioner's failure
7  to "cite United States Supreme Court precedent" rebutting the state court's
8  finding of harmlessness is, at best, meaningless.   If petitioner can show
9  that the state court "applied harmless-error review in an 'objectively un-
10  reasonable' manner" (Mitchell v. Esparza, 540 U.S. 12, 18 (2003)), the pre-
11  judicial impact of the error is assessed under the Brecht standard, i.e.,
12  respondent has the burden of "persuad[ing the Court] that there was no
13  substantial and injurious effect on the verdict." Payton v. Woodford, 346
14  F.3d 1204, 1216-17 (9th Cir. 2003)(en banc)(vacated on other grounds, Woodford
15  v. Payton, 123 S.Ct. 1785 (2003)), citing O'Neal v. McAninch, 513 U.S. 432,
16  437-445 (1995); see also Fry v. Pliler, 127 S.Ct. 2321, 2328 (2007).

17    Respondent misleads the Court by stating, on p. 10 of his memorandum,
18  that the state court's prejudice analysis with regard to the June 2, 2002,
19  statement to Officer Germany included the weighing of non-hearsay evidence
20  of petitioner's guilt, as required by Coy v. Iowa, 487 U.S. 1012, 1021-22
21  (1988)("harmlessness must ... be determined on the basis of the remaining
22  evidence").   In fact, the state court referred to "extensive admissible and
23  nonhearsay testimony of the violent history between defendant and the victim,"
24  which made the statement at issue "cumulative."   Pet. Ex. E at 6 n. 3.   As
25  explained on pp. 3-7 of the Petition Memorandum, such testimony consisted
26  entirely of testimonial hearsay statements recounted by Officers Nickl, Jim,
27  and Germany, and the references to prior threats and assaults in the June
28  2, 2002, 911 call, whose redaction is also required by Davis.   Respondent's

1  own statement of facts (Ans. Mem. at 5-6) shows that without the hearsay
2  no evidence of petitioner's "violent history" would have been given to the
3  jury, with the exception of a single incident described by Thanh Tran (see
4  Ans. Mem. at 3), as no physical evidence supported Ms. Bui's statements.
5  See Pet. at 8-9; Pet. Ex. E at 2-3.  In other words, as shown above, the
6  state court based its decision on evidence admitted in direct violation of
7  Supreme Court law.  Factual findings based on such legal error are entitled
8  to no presumption of correctness.  Taylor v. Maddox, 366 F.3d 992, 1001 (9th
9  Cir. 2004).  More importantly, "[w]hen a state court's adjudication of a
10 claim is dependent on an antecedent unreasonable application of federal law,
11 the requirement set forth in §2254(d)(1) is satisfied.  A federal court must
12 then resolve the claim without the deference AEDPA otherwise requires."
13 Panetti v. Quarterman, 127 S.Ct. 2842, 2858 (2007).

14      Petitioner respectfully submits that respondent's arguments do not even
15 approach the degree of "fair assurance" of harmlessness required by Brecht
16 and O'Neal.  Payton, 346 F.3d at 1217.  The facts stated on pp. 5-6 of the
17 Answer Memorandum, pp. 8-12 of the Petition, and pp. 5-6 of the Petition
18 Memorandum show that the erroneously admitted evidence was a sine qua non
19 of the case against petitioner.  The "theme" of petitioner's bouts of drunken
20 violence served to supply the element of malice aforethought.  RT 445, 462;
21 ART 21, 26, 43, 46, 83-84, 95.  It also completely undermined petitioner's
22 claim of self-defense: as the prosecutor told the jury, the evidence of a
23 number of unprovoked prior assaults by petitioner showed that petitioner
24 was the one to attack Ms. Bui on June 9, 2002.  See ART 22, 46.  Respondent
25 refers to "non-hearsay evidence" of petitioner's violent relationship with
26 Ms. Bui; however, as noted above, such evidence consisted of a single incident
27 of physical violence when petitioner hit Ms. Bui with a bottle.  See Ans.
28 Mem. at 3-8.  The addition of three other such incidents in violation of

-8-

1  the Confrontation Clause cannot be deemed harmless.

2      Respondent's remaining point, that petitioner's "attacked upon the unarmed

3  victim" was established by eyewitnesses and physical evidence is simply not

4  true.  No one and nothing controverted petitioner's testimony that the initial

5  attack was by Ms. Bui (RT 358-361); none of the witnesses who testified at

6  the trial saw the beginning of the fatal incident.  Petitioner did not disclaim

7  responsibility for killing Ms. Bui; his only defense was that she had attacked

8  him first.  Petitioner respectfully submits that the improper admission of

9  statements showing petitioner's propensity for domestic violence had a

10  "significant and injurious effect" on petitioner's ability to prevail in

11  his defense.  Brecht, 507 U.S. at 637.

12      Respondent attempts to make a right from two wrongs by arguing that

13  Ground Two must fail because the state court denied Ground One.  As shown

14  above, the state court's ruling with regard to Ground One is based primarily

15  on conclusions that are contrary to controlling law; thus, it defies reason

16  to leave the constitutional error raised in Ground Two without redress because,

17  even had petitioner's appellate counsel argued it properly, the state court

18  would have gone against the Supreme Court law in the same manner.  Petitioner

19  respectfully submits that the underlying Confrontation Clause claim was fairly

20  presented to the state courts, and that the doctrine of liberal construction

21  of pro se pleadings allows this Court to review that fully exhausted claim

22  directly, without addressing the ineffective-assistance aspect of Ground

23  Two.  However the Court chooses to analyze the claims raised in the first

24  two Grounds of the Petition, petitioner respectfully submits that they entitle

25  him to habeas corpus relief.

26

27          II. GROUND THREE: TESTING OF THE BLOODY T-SHIRT

28      In Ground Three of the Petition, petitioner asserted that, had his trial

1  counsel had petitioner's bloody T-shirt tested before trial (rather than

2  unsuccessfully attempting to do so post-trial), the amount and placement

3  of petitioner's blood on the shirt would have lent strong objective support

4  to petitioner's claim of self-defense, his only defense at the trial.  Pet.

5  at 12-15; Pet. Mem. at 8-12.  Respondent does not dispute any of the factual

6  allegations of the Petition and does not offer any evidence, nor point to

7  any portion of the trial record, that controverts the facts stated in the

8  Petition.  See Ans. Mem. at 13:14-23.

9      Respondent's only substantive point with regard to this Ground of the

10  Petition is, "Most likely [the blood on the T-shirt] was both [petitioner's

11  and the victim's] because both Ms. Bui and petitioner had multiple stab wounds

12  and there was a lot of blood at the murder scene where petitioner's T-shirt

13  was found."  Id.  This purely speculative statement is based on no admissible

14  evidence and fails to account for the following undisputed facts: (a) according

15  to prosecution witnesses, the State's theory of the case, and the prosecutor's

16  closing argument, all of petitioner's wounds were self-inflicted and none

17  of them were inflicted while petitioner was wearing the T-shirt; (b) all

18  evidence at the trial showed that petitioner took the T-shirt off, threw

19  it so that it landed away from the blood spilled at the scene, and it was

20  not disturbed or dragged through any spilled blood before being collected

21  by the police and placed in evidence.  Pet. at 13, 14; Pet. Ex. A ¶¶ 5, 6,

22  8; CT 311.  Thus, respondent's baseless speculation is actually contrary

23  to the record evidence.  Moreover, since the State's unequivocal position

24  at the trial was that none of the blood on the shirt was petitioner's (see

25  Pet. at 14), respondent's current assertion is barred by the doctrine of

26  judicial estoppel.  Russell v. Rolfs, 893 F.2d 1033, 1037-38 (9th Cir. 1990).

27      Since the factual allegations of the Petition and the argument in the

28  Petition Memorandum stand effectively unopposed, petitioner respectfully

1 | refers the Court to the statement of the claim in Ground Three of his initial
2 | pleading and briefly reiterates that forensic testing of the blood on the
3 | shirt will show that petitioner wore that shirt while being stabbed by Ms.
4 | Bui, as he testified at the trial, and did not stab himself, shirtless, after
5 | killing her, consistently with the prosecution theory.  The undisputed factual
6 | allegations of the Petition and respondent's failure to offer anything other
7 | than speculation (defeated by the trial record) in response to this claim
8 | entitle petitioner to an evidentiary hearing even under "the deferential
9 | standard prescribed by §2254" (Schriro v. Landrigan, 127 S.Ct. 1933, 1940
10 | (2007)), especially in light of the similarity of petitioner's case to Jones
11 | v. Wood, 114 F.3d 1002, 1011-12 (9th Cir. 1997).

12 | Petitioner respectfully restates the request for an evidentiary hearing
13 | made on p. 11 of the Petition memorandum and, in the alternative, requests
14 | leave to conduct discovery under Habeas Rule 6(a).  Jones, 114 F.3d at 1009;
15 | Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).  Petitioner respectfully
16 | submits that, unless the Court accepts petitioner's undisputed factual
17 | allegations as true (i.e., that a large amount of petitioner's blood is located
18 | on the front of the T-shirt consistently with bleeding after being stabbed
19 | in the abdomen as described in petitioner's testimony), the Court has a duty
20 | to provide petitioner with a means of testing the shirt and supporting this
21 | essential factual element of his claim.  Harris v. Nelson, 394 U.S. 286,
22 | 300 (1969); Bracy v. Gramley, 520 U.S. 899, 904, 908-909 (1997).  Once proven,
23 | these facts will entitle petitioner to relief for the reasons stated on pp.
24 | 8-12 of the Petition Memorandum.

25 |

26 | III. GROUND FOUR: USE OF FACTS NOT IN EVIDENCE
27 | Ground Four of the Petition can be very briefly summarized as follows:
28 | in a set of circumstances very similar to those condemned by the Supreme

-11-

1    Court in <u>Douglas v. Alabama</u>, 380 U.S. 415, 419 (1965), the prosecutor

2    effectively testified that Eric Nguyen, who did not appear at the trial,

3    made a statement to police that contradicted petitioner's version of the

4    events leading up to the death of Ms. Bui and supplied the only evidence

5    of motive for the charged murder, i.e., that Ms. Bui refused to continue

6    her relationship with petitioner.  Pet. at 15-17; Pet. Mem. at 12-15.

7    Respondent offers two points with regard to this claim.

8         First, respondent states that Eric Nguyen might have been available

9    to testify and, had trial counsel's objection resulted in the prosecutor's

10   own "testimony" being stricken from the record, the prosecutor could have

11   introduced the same evidence by calling Eric to testify.  Ans. Mem. at 13-14.

12   This argument is so far-fetched that it borders on lack of respect for the

13   Court.  The trial record does suggest that Eric, in the prosecutor's own

14   words, "has not appeared" (RT 275) despite an arrest warrant (CT 164), and

15   contains no hint of a suggestion otherwise, making Eric's unavailability

16   more than a simple "presumption" on petitioner's part (Ans. Mem. at 13).

17   That, however, is unimportant in comparison with the essence of respondent's

18   position: respondent appears to insist that prosecutors are free to engage

19   in what every court in the land has deemed to be unconstitutional misconduct,

20   dispense with the requirement of confrontation and cross-examination, choose

21   not to call witnesses, and instead simply present their cases "in their own

22   words," as long as the actual witnesses were hypothetically available to

23   testify precisely as the prosecutor said they would.  Clearly, the Constitution

24   and the Supreme Court disagree with respondent on this point.  <u>See</u> Pet. Mem.

25   at 13.  Nor does <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) allow respondent

26   to justify his approach: "In making th[e] determination [of prejudice] a

27   court hearing an ineffectiveness claim must consider the totality of the

28   evidence before the judge or jury."  <u>Id</u>. at 695.  No such trial evidence

-12-

1  contains what respondent himself calls the "damaging information" at issue

2  here (Ans. mem. at 14), and respondent does not supply any additional evidence

3  on the subject.  In other words, the only evidence regarding Eric's statement

4  before the trial jury and this Court comes from the prosecutors own mouth

5  and, as noted above, the controlling law does not allow the Court to speculate

6  what would have happened had Eric actually testified: in these circumstances,

7  the "assessment of harmlessness cannot include consideration of whether the

8  witness's testiony would have been unchanged, or the jury's assessment

9  unaltered, had there been confrontation." Coy, 487 U.S. at 1021-22.

10      Respondent appears to recognize the state of the applicable law when

11  he makes his last point, that "the relationship between petitioner and Ms.

12  Bui—including his previous threats to kill her—was in evidence by other

13  means." Ans. Mem. at 14.  This, however, misses the point of the claim.

14  As explained on pp. 13-15 of the Petition Memorandum, the prosecutor's

15  testimony regarding Eric's alleged statement directly and dramatically

16  contradicted petitioner's account of the events leading up to the fatal

17  confrontation, and became the only "evidence" undermining petitioner's

18  credibility and his defense, as no witnesses observed anything but the very

19  end of the incident.  See Pet. Mem. at 16.  Moreover, although there was

20  other evidence that petitioner had threatened to kill Ms. Bui, no witness

21  described the event that, in the State's theory of the case, precipitated

22  the murder, i.e., petitioner begging Ms. Bui to take him back, and Ms. Bui

23  rejecting him.  See Pet. Mem. at 14-15; ART 7. 8. 10, 18-19, 28, 35.

24      In sum, respondent does not point to any portion of the trial record,

25  does not offer additional evidence, and does not supply the Court with any

26  rational reason to believe that his, and the state courts', view of this

27  claim is not an unreasonable application of Strickland based on clearly

28  erroneous assessment of the relevant facts.  Accordingly, petitioner is

-13-

1   entitled to relief.

2       Respondent does not dispute the facts stated in support of this claim,
3   nor does he suggest that trial counsel made a reasonable tactical decision
4   not to object when the prosecutor circumvented the Confrontation Clause in
5   his cross-examination of petitioner.  Since the relevant facts are undisputed,
6   petitioner believes that an evidentiary hearing on this claim is unnecessary.
7   However, if the Court does find that some material facts are in dispute,
8   petitioner respectfully submits that such hearing is not barred by 28 U.S.C.
9   §2254(e), as petitioner diligently attempted to develop the facts in state
10  courts.  Earp v. Ornoski, 431 F.3d 1158, 1166-67 and n. 4 (9th Cir. 2005);
11  Griffey v. Lindsey, 345 F.3d 1058, 1066 (9th Cir. 2003).

12

13              IV. GROUND FIVE: COMMENT ON POST-ARREST SILENCE

14       The underlying claim in Ground Five of the Petition is that the prosecutor
15  violated Doyle v. Ohio, 426 U.S. 610, 618-619 (1976) when, in closing argument,
16  he insisted that his witnesses were credible because they gave statements
17  to police soon after the incident, and petitioner was not credible because
18  he had exercised his right to remain silent until he testified at the trial.
19  Pet. at 17-18; Pet. Mem. at 15-17.  Respondent grudgingly concedes that this
20  textbook Doyle error "may have been objectionable," then states that "defense
21  counsel may not have wanted to call the issue to the jury's attention and
22  may not have objected for tactical reasons."  Ans. Mem. at 14.  Respondent
23  does not explain what "objective standard of reasonableness" (Strickland,
24  466 U.S. at 688) tolerates defense counsel's failure to have the classic
25  Doyle argument stricken from the record and the jury admonished to disregard
26  it after the prosecutor actively called the issue to the jury's attention.
27  Considering how obvious the error was, and the well-recognized "fundamental
28  unfairness" of the prosecutor's actions (South Dakota v. Neville, 459 U.S.

-14-

1  553, 565 (1983)), as well as respondent's failure to produce anything other
2  than speculation regarding trial counsel's purported tactical reasons,
3  respondent's assertion of lack of error under the first prong of the Strickland
4  test could not have been made in good faith.

5      Respondent's prejudice argument consists of a reference to "overwhelming
6  evidence of petitioner's guilt." Ans. Mem. at 14. This boilerplate statement
7  does nothing to refute the showing of prejudice made on pp. 16-17 of the
8  Petition Memorandum. In order to avoid redundancy, petitioner refers the
9  Court to his initial pleading and respectfully submits that the Court's review
10  of the trial record will show that (a) the evidence of malice aforethought,
11  an element of the murder charge, was far from overwhelming; (b) petitioner's
12  claim of self-defense was not contrary to any physical evidence or eyewitness
13  accounts; (c) petitioner's credibility was the key issue in the trial; and
14  (d) the effect of the prosecutor's impermissible comment on petitioner's
15  credibility—especially when viewed cumulatively with other errors complained
16  of in the Petition—was sufficient to satisfy Strickland's second prong.
17  See Turner v. Duncan, 158 F.3d 449, 457 (9th Cir. 1998). Accordingly,
18  petitioner is entitled to an evidentiary hearing if the Court finds it
19  necessary to inquire into counsel's alleged tactical reasons, and to habeas
20  corpus relief.

21
22                      V. GROUND SIX: JURY BIAS
23      The claim that petitioner's trial counsel failed to challenge several
24  expressly and implicitly biased jurors is based on the transcript of July
25  15, 2004, jury voir dire proceedings. Pet. at 18-21 and Ex. D; Pet. Mem.
26  at 17-21. Respondent does not refer to that transcript anywhere in the Answer,
27  nor did he lodge that portion of the trial record with the Court as required
28  by the Court's Order to Show Cause and Habeas Rule 5. It appears that

1  respondent made his Answer without ever examining the relevant record, and
2  now he invites the Court to follow suit.  That, however, would be contrary
3  to law.  The Ninth Circuit has repeatedly held that a District Court in §2254
4  proceedings has a duty to obtain and review all relevant portions of the
5  state-court record, and refused to uphold decisions when the record on appeal
6  did not indicate that the entire state record had been examined.  See Richmond
7  v. Ricketts, 714 F.2d 957, 961 (9th Cir. 1985); Reiger v. Christensen, 789
8  F.2d 1425, 1428-29, 1435 (9th Cir. 1986); Jones v. Wood, 114 F.3d at 1012-15.
9  Pursuant to Habeas Rule 5, petitioner hereby respectfully requests that the
10  Court order respondent to furnish the transcript of July 15, 2004, proceedings
11  as it is necessary for the adjudication of Ground Six of the Petition.
12  Petitioner will be able to supply that entire transcript to the Court only
13  if the Court issues an order directing High Desert State Prison law library
14  staff to allow petitioner to photocopy it, as copying of transcripts is limited
15  by prison rules.

16      Respondent leaves the merits of the claim effectively undisputed.
17  Respondent's statement that "there was no showing of jury misconduct" (Ans.
18  Mem. at 15) is irrelevant: this was never a misconduct claim, and petitioner
19  did not--as respondent suggests--rely on that legal theory.  The concept
20  of jury bias and the constitutional requirement of an impartial jury are
21  well developed in federal jurisprudence.  Petitioner respectfully refers
22  the Court to the argument on pp. 17-21 of his Petition Memorandum outlining
23  the clearly established law, including Supreme Court opinions, supporting this
24  claim.  The facts pled in this Ground are undisputed: not having bothered
25  to obtain and read the record, respondent does not even attempt to question
26  the fact that several of petitioner's jurors admitted inability to be fair
27  and impartial, and/or demonstrated such a degree of emotional involvement
28  in certain aspects of the case that an average person cannot be expected

-16-

1  to remain impartial, making petitioner's one of the rare cases where bias

2  can be presumed or implied.  See Tinsley v. Borg, 895 F.2d 520, 527-528 (9th

3  Cir. 1990)(implied bias "where a juror or his close relatives have been

4  personally involved in a situation involving a similar fact pattern"); Fields

5  v. Woodford, 309 F.3d 1095, 1103-04 (9th Cir. 2002).

6      Petitioner recognizes that respondent's failure to oppose this claim

7  is not dispositive.  It is, however, an indication of the strength of

8  petitioner's position: the record evidence supporting this Ground of the

9  Petition is sufficient to warrant an evidentiary hearing and entitle petitioner

10  to habeas corpus relief.

11

12                              CONCLUSION

13      For the foregoing reasons, petitioner respectfully submits that

14  respondent's Answer is insufficient to dispute the claims of entitlement

15  to habeas corpus relief made in the Petition in this action.  Petitioner

16  respectfully requests that the Court obtain the remaining portion of the

17  state court record, hold an evidentiary hearing, and grant the relief requested

18  in the First Amended Petition for Writ of Habeas Corpus.

19      DATED: **MARCH 13**, 2008

20                                      Respectfully submitted,

21

22                                      Tri D. Nguyen
                                        Petitioner

23

24

25

26

27

28

                              -17-

1                              DECLARATION OF SERVICE

2

3        I, the undersigned, hereby declare that on the 13 day of March, 2008, I

4   placed a copy of the attached TRAVERSE TO RESPONDENT'S ANSWER; REQUEST FOR

5   AN EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES in a sealed

6   envelope with first-class postage prepaid in full and, pursuant to High Desert

7   State Prison mail collection procedure, handed it to prison staff for mailing

8   to the following address:

9                          Allen R. Crown
                           Deputy Attorney General
10                         455 Golden Gate Ave., Ste. 11000
                           San Francisco, CA 94102-7004
11

12       I declare under penalty of perjury that the foregoing is true and correct.

13   Executed on March 13, 2008, at Susanville, California.

14

15                                              Tri Dung Nguyen

16

17

18

19

20

21

22

23

24

25

26

27

28

B2

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

To: The CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE

02-3182

TRi D. NGUYEN - V-50412
HIGH DESERT STATE PRISON
P.O. Box: 3030 - B2-141 Low
SUSANVILLE , 96127

LEGAL MAIL

LEGAL MAIL

LEGAL MAIL

STATE PRISON

HIGH DESERT STATE PRISON



neopost

$01.5

03/14/2

Mailed From
US POST

04808204



M Cyui 3/13/08

**LEGAL MAIL**

**LEGAL MAIL**